UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    *Plaintiff/Counter-Defendant,*    CASE NO: 11-13218

v.    DISTRICT JUDGE THOMAS L. LUDINGTON
    MAGISTRATE JUDGE CHARLES E. BINDER

KEITH SKUTT,

    *Defendant/Counter-Plaintiff.*
_____/

**REPORT AND RECOMMENDATION ON
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
(Docs. 17, 19)

## I. RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Plaintiff/Counter-Defendant's motion (Doc. 17) be **GRANTED** and that Defendant/Counter-Plaintiff's motion (Doc. 19) be **DENIED**.

## II. REPORT

### A. Introduction and Procedural Background

Plaintiff United States of America ("the Government") brought this action to collect the debt allegedly due by Defendant Keith Skutt ("Skutt") on two student loans, which are identified in the complaint as Loan #2011A55806 and Loan #2011A55804. (Doc. 1 at 1-3.) The complaint alleges that although demand for payment has been made, Skutt has neglected and refused to pay the indebtedness. (Doc. 1 at 3.) According to the Certificates of Indebtedness that are attached to the complaint, the amounts due on the loans are $13,978.70 and $17,360.74, respectively, for a total of $31,339.44 plus interest and costs. (Doc. 1 at Exs. B & D.)

Skutt appeared *pro se* in this case. It should be noted, however, that Skutt is a licensed attorney in the State of Michigan, whose bar membership number is P37815.[1] Skutt filed an answer to the complaint on August 23, 2011, setting forth the following defenses: (1) "any law which takes away the statute of limitations granted to other members of Society is in violation of the Fourteenth Amendment to the Constitution (Due Process and Equal Protection clauses)"; (2) "Plaintiff's claim should be denied under the Fair Debt Collection Practice(s) Act" ("FDCPA") because Skutt was allegedly harassed and annoyed by phone calls at odd hours, his neighbors were notified of his default on his student loans, and his brother was also contacted; and (3) "Declaration of eligibility under Consolidation and Forgiveness." (Doc. 4 at 4-9.) Skutt also filed a "counterclaim" under the FDCPA, alleging that by engaging in "outrageous behavior of lies and deceit and threats and calling defendant's family [and] neighbors, the Plaintiff or its agents intended to embarrass, harass and intimidate the defendant" and "intended an intentional infliction of emotional distress" which caused "defendant and his family" to be "irreparably hurt in their standing." (Doc. 4 at 9-10.)

On August 29, 2011, United States District Judge Thomas L. Ludington referred this case to the undersigned magistrate judge for general case management under 28 U.S.C. § 636(b). On September 7, 2011, the Court entered an order requiring a Rule 26(f) meeting and setting an initial Rule 16 conference for October 11, 2011. (Doc. 7.) A proposed joint Rule 26(f) plan was filed by both parties on October 7, 2011. (Doc. 10.) Skutt failed to appear for the in-person scheduling conference. On October 12, 2011, the Court entered an initial case management scheduling order. (Doc. 11.)

Before the Court is the Government's Motion for Summary Judgment. (Doc. 17.) Skutt filed a response and a contemporaneous motion for summary judgment on March 19, 2012. (Doc. 19.) The Government filed a reply and response to Skutt's response and motion on April 2, 2012.

---

[1] Skutt has indicated as such in his answer. (Doc. 4 at 3, 10.) Skutt's current bar membership was also confirmed at http://www.michbar.org/memberdirectory, the website for the State Bar of Michigan.

Accordingly, the motions are ready for report and recommendation and the Court concludes that a hearing on the motions is unnecessary. *See* E.D. Mich. LR 7.1(f)(2).

### B.       Summary Judgment Standards

A motion for summary judgment will be granted under Rule 56(c) where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). All facts and inferences must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (citing *Celotex Corp. v Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

In response, the non-moving party cannot rest merely on the pleadings alone. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Instead, the non-moving party has an obligation to present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339-40 (6th Cir. 1993). When the nonmoving party fails to adequately respond to a summary judgment motion, a district court is not required to search the record to determine whether genuine issues of material fact exist. *Street*, 886 F.2d at 1479-80. Instead, the court will rely upon the "facts presented and designated by the moving party." *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 404 (6th Cir. 1992).

After examining the evidence designated by the parties, the court then determines "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Booker v. Brown & Williamson Tobacco Co.,* 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson*, 477 U.S. at 251-52). Summary judgment will not be granted "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

When "the crucial issue is one on which the movant will bear the ultimate burden of proof at trial, summary judgment can be entered only if the movant submits evidentiary materials to establish all of the elements of the claim or defense." *Stat-Tech Liquidating Trust v. Fenster*, 981 F. Supp. 1325, 1335 (D. Colo. 1997). *See also Yarbrough v. Garrett*, 579 F. Supp. 2d 856, 867 (E.D. Mich. 2008). "'In other words, in such case the movant 'must satisfy both the initial burden of production on the summary judgment motion – by showing that no genuine dispute exists as to any material fact – and the ultimate burden of persuasion on the claim – by showing that it would be entitled to a directed verdict at trial.'" *Yarbrough*, 579 F. Supp. 2d at 867 (citations omitted). Only after the moving party makes this showing will the non-moving party have an obligation to present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore, supra.*

C.   **Analysis and Conclusions**

1.   **The Government's Motion for Summary Judgment**

To recover on a promissory note, the Government must make a *prima facie* showing that (1) the defendant signed it, (2) the government is the present owner or holder and (3) the note is in default. *United States v. Petroff-Kline*, 557 F.3d 285, 290 (6th Cir. 2009) (citing *United States v. MacDonald*, No. 93-1924, 1994 WL 194248, at *2 (6th Cir. May 16, 1994) (per curiam); *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001)). To make this showing, the Government may introduce evidence of the note and a sworn transcript of the account or certificate of indebtedness. *Id.* (citing *United States v. Davis*, 28 Fed. Appx. 502, 503 (6th Cir. 2002)). Once the *prima facie* case is established, the burden shifts to the defendant to prove the "nonexistence, extinguishment or variance in payment of the obligation." *Id.*

To meet its burden of establishing all of the elements of the claim, the Government has attached to its complaint a copy of the Higher Education Assistance Foundation ("HEAF") Plus Promissory Note completed and signed by Skutt. (Doc. 1 at 6-7.) The loan was made under the William D. Ford Federal Direct Loan Program under Title IV, Part D, of the Higher Education Act

of 1965, as amended, 20 U.S.C. § 1087a *et seq.* (34 C.F.R. Part 685). The Government also attached to its motion another copy of the Certificate of Indebtedness that was attached to the complaint, which is signed by a loan analyst for the U.S. Department of Education. (Doc. 1 at 8-16; Doc. 17, Ex. 3 at 1-2.) The Government moves for summary judgment, alleging that Skutt defaulted on the loan obligation and that the balance due as of the filing of the complaint on July 25, 2011, was $31,339.44. (Doc. 1 at 3.)

I suggest that, through the documentation attached to the complaint and motion, the Government has met its burden of establishing that Skutt signed a promissory note of which the Government is the present owner and that the note is in default. *See Petroff-Kline*, 557 at 290. Skutt, however, has completely failed to meet his burden to show that there is a disputed issue of fact with regard to the "nonexistence, extinguishment or variance in payment of the obligation." *Id.* To the contrary, Skutt has admitted that he signed the relevant promissory note and that he owes the balance alleged in the Government's complaint "conditional on Defendant's defenses and counterclaims." (Doc. 17, Ex. 3 at 4.) For the reasons stated below, however, I suggest that Skutt's defenses and counterclaims lack merit.

Accordingly, I suggest that the Government's motion for summary judgment be granted because the evidence does not present a "sufficient disagreement to require submission to a jury," but rather it "is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

**2. Defendant Skutt's Motion for Summary Judgment**

**a. Abrogation of the Statute of Limitations**

Skutt contends that the statutory abrogation of the limitations period for actions seeking repayment of an amount due from a borrower on a federally-guaranteed student loan "is in violation of the Fourteenth Amendment to the Constitution (Due Process and Equal Protection clauses)." (Doc. 4 at 4-6.) The Government responds that the abrogation of the limitation period

5

for collection on defaulted federally-guaranteed student loans does not violate the debtor's due process rights.

The relevant statute provides as follows:

(1) It is the purpose of this subsection to ensure that obligations to repay loans and grant overpayments are enforced without regard to any Federal or State statutory, regulatory, or administrative limitation on the period within which debts may be enforced.

(2) Notwithstanding any other provision of statute, regulation, or administrative limitation, no limitation shall terminate the period within which suit may be filed, a judgment may be enforced, or an offset, garnishment, or other action initiated or taken . . . .

20 U.S.C. § 1091a. Courts have long held that Section 1091a does not violate the due process or other constitutional rights of students or debtors. *See United States v. Brown*, 7 Fed. App'x 353, 353 (6th Cir. 2001) (citing *United States v. Hodges*, 999 F.2d 341, 342 (8th Cir. 1993)); *accord, Lee v. Spellings*, 447 F.3d 1087, 1089 (8th Cir. 2006), and *United States v. Glockson*, 998 F.2d 896, 898 (11th Cir. 1993). "Moreover, the elimination of the statute of limitations extends to eliminate the equitable defense of laches." *United States v. Frederick*, No. 10-13405, 2011 WL 379418, at *2 (E.D. Mich. Feb. 3, 2011) (citing *United States v. Lawrence*, 276 F.3d 193 (5th Cir. 2001)); *see also United States v. Turek*, 317 Fed. App'x 251, 253 (3rd Cir. 2009).

I further suggest that Skutt has not alleged sufficient "special hardships or oppressive effects" to justify relief from the eliminated statute of limitations. *Lee*, 447 F.3d at 1089 (applying *Chase Sec. Corp. v. Donaldson*, 325 U.S. 304, 315-16, 65 S. Ct. 1137, 89 L. Ed. 1628 (1945)). I therefore suggest that Skutt's defense is without merit and does not undermine the above conclusion that the Government's motion for summary judgment should be granted and Skutt's motion should be denied.

### b. Fair Debt Collection Practices Act

Skutt argues that the FDCPA should provide a defense and the basis for a counterclaim. Skutt specifically contends that Plaintiff's claim should be denied under the FDCPA because Skutt was allegedly harassed and annoyed by phone calls at odd hours, his neighbors were notified of

his default on his student loans, his brothers were contacted, and "even last year" his brother-in-law was contacted. (Doc. 4 at 6-9.) Skutt also filed a "counterclaim" under the FDCPA, alleging that by engaging in "outrageous behavior of lies and deceit and threats and calling defendant's family [and] neighbors, the Plaintiff or its agents intended to embarrass, harass and intimidate the defendant" and "intended an intentional infliction of emotional distress" that caused "defendant and his family" to be "irreparably hurt in their standing." (Doc. 4 at 9-10.)

The Government contends that Skutt's counterclaim under the FDCPA is time-barred by the one-year limitation period or the three-year limitations period governing claims for intentional infliction of emotional distress because Skutt "admits that all such misconduct occurred more than six years prior to the commencement of this action." (Doc. 17 at 11.) Skutt counters that, to the extent the limitation period has been abrogated, "by using the Michigan statutes limitations as a defense, the Plaintiff has thereby waived his argument that all statute of limitations are abrogated." (Doc. 19 at 4.) Skutt further argues that "[i]n the alternative the Plaintiff has admitted that all statute of limitations do not apply, and therefore Plaintiff's motion for Summary Judgment should be denied . . . ." (Doc. 19 at 4-5.) The Government replies that Skutt has "abandoned his defense" that the statutory abrogation of the limitation period "violates his constitutional rights," that it has not waived the limitation period, and that the court lacks subject matter jurisdiction over Skutt's counterclaim because the FDCPA does not contain any exception to sovereign immunity and thus the Government cannot be sued under the FDCPA. (Doc. 20 at 1-2.) Since I suggest that the immunity issue is dispositve, I do not address the statute of limitations argument.[2]

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994). "Congress must expressly waive the Nation's sovereign immunity, or federal courts cannot exercise jurisdiction over claims brought against the United States." *Center for Bio-Ethical Reform, Inc.*

---

[2] I note that if the limitation period issue were addressed, although not argued by Skutt, his Answer alleges that "even last year" his brother-in-law was contacted. (Doc. 4 at 6-9.)

7

*v. City of Springboro*, 477 F.3d 807, 820 (6th Cir. 2007). Skutt has not pointed to any provision of the FDCPA that purports to waive the federal government's immunity and courts have uniformly held that the FDCPA does not contain such a waiver. *See Wagstaff v. United States Dep't of Education*, 509 F.3d 661, 664 (5th Cir. 2007); *Williams v. United States Dist. Ct. for the Dist. of Newark, New Jersey*, 455 Fed. App'x 142, 143 (3rd. Cir. 2011); *Allen v. U.S. Dep't of Education*, 755 F. Supp. 2d 122, 124 (D. D. C. 2010); *Ha v. United States Dep't of Education*, 680 F. Supp. 2d 45, 47 (D.D.C. 2010); *Coble v. Wilkins*, No. 1:11CV211, 2012 WL 665976, at *2 (M.D.N.C. Feb. 29, 2012); *Manalansan-Lord v. Direct Loan Servicing Center*, No. 4:08cv0676 TCM, 2008 WL 4693410, at *2 (E.D. Mo. Oct. 22, 2008).

To the extent that Skutt would argue that the Government itself has waived its immunity, that argument would fail. The ability to waive sovereign immunity lies with Congress alone; thus, any argument that the federal government or one of its agencies waived its immunity "by acting through a third party to collect on [a] student loan debt" must be rejected. *Wagstaff,* 509 F.3d at 664. *See also Ha*, 680 F. Supp. 2d at 47. Therefore, I suggest that the Government is immune from any potential liability under the FDCPA and that the Government's motion for summary judgment should be granted as to Skutt's counterclaim.

As an alternative ground for granting the Government's motion regarding Skutt's counterclaim, I note that under the FDCPA, the term "debt collector" excludes an "officer or employee of the United States . . . to the extent that collecting or attempting to collect any debt is in the performance of his official duties[.]" 15 U.S.C. § 1692a(6)(c). *See United States v. Errigo*, No. 08-CV-12506, 2009 WL 127863, at *2 (E.D. Mich. Jan. 20, 2009) (dismissing FDCPA counterclaim because the defendant "failed to show that the United States has waived its immunity" and "for failure to state a claim as the FDCPA specifically excludes federal employees acting in the performance of their official duties from its terms").

8

I therefore suggest that the FDCPA does not provide a defense or the basis for a counterclaim. Accordingly, I suggest that the Government's motion for summary judgment on Skutt's counterclaim should be granted and that Skutt's motion should be denied.

### c. "Declaration of Eligibility under Consolidation and Forgiveness"

Skutt contends that "but for the actions of the plaintiff, the defendant would still not be in default under the prior agreement made with the Plaintiff on or about 2001 and thereafter [because] had that agreement continued, defendant as a full time contracted public defense attorney would have been eligible for consolidation and forgiveness of his debt." (Doc. 4 at 9.) Although Skutt couches this argument in terms of a defense to the Government's attempt to collect on the debt, the language chosen references a separate program, i.e., consolidation and repayment options available through the Department of Education's William D. Ford program, including the Public Service Loan Forgiveness program ("PSLF"). Access to this program is achieved by filing an adversary proceeding seeking discharge of the student loan debt under 11 U.S.C. § 523(a)(8) in a bankruptcy court. Skutt has not alleged that he has filed such a cause of action let alone that his debt was discharged. Absent a showing that the student loans were discharged in bankruptcy, a debt collector does not violate the FDCPA by attempting to collect payment on defaulted student loans. *See Davis v. Pioneer Credit Recovery, Inc.*, No. CV 11-1963-JEM, 2012 WL 10376, at *7 (C.D. Cal. Jan 3, 2012); *Berlincia Easterling v. Collecto, Inc.*, No. 09-CV-669-JTC, 2011 WL 2730924, at *5 (W.D. N.Y. July 12, 2011). I therefore suggest that reference to this program does not provide a defense nor does it undermine the above conclusion that the Government's motion for summary judgment should be granted and that Skutt's motion should be denied.

### 3. Conclusion

For all the reasons stated above, I recommend that Plaintiff/Counter-Defendant's (the Government's) motion be granted, Defendant/Counter-Plaintiff's (Skutt's) motion be denied, and a judgment entered in favor of the Plaintiff/Counter-Defendant.

**III.    REVIEW**

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

                                                              s/ **Charles E. Binder**
                                                            CHARLES E. BINDER
Dated: May 10, 2012                             United States Magistrate Judge


**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date and served upon counsel of record via the Court's ECF System and served on the following non-ECF participant via the United States Postal Service: Keith Skutt, P.O. Box 5677, Saginaw, MI 48604.

Date:  May 10, 2012                          By     s/Patricia T. Morris
                                                                 Law Clerk to Magistrate Judge Binder